# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| DANIEL W. WHEELER, | Case No. 2:24-cv-11784 |
| *Plaintiff,* | Linda V. Parker<br>United States District Judge |
| v. | |
| DR. JOSEPH and WELLPATH HEALTH, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.* | |
| _____/ | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE BY U.S. MARSHALS SERVICE (ECF No. 7)

Plaintiff, Daniel W. Wheeler, proceeding *pro se*, filed a complaint on July 10, 2024, initiating this 42 U.S.C. § 1983 action. (ECF No. 1). Under 28 U.S.C. § 636(b)(1), the Honorable Linda V. Parker referred the case to the Undersigned for all pretrial matters. (ECF No. 3).

Summonses were issued for Defendants on July 18, 2024. (ECF No. 5). But Wheeler did not serve Defendants, and instead sent a letter to the Court requesting assistance with service from the United States Marshals Service ("USMS"). (ECF No. 7). In his letter, Wheeler explains that "[w]ithout the assistance of the court it is impossible for me to serve the defendant(s) with the Complaint and Summons as required by the Court." (*Id.*).

Federal Rule of Civil Procedure 4(c)(3) provides: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." When a prisoner proceeds *in forma pauperis* ("IFP"), "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). USMS effects service in prisoner cases for two reasons: (1) the security risks inherent in providing prisoners with the addresses of government officials, and (2) the difficulty that prisoners have in accessing information through the government. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 939 (E.D. Mich. 2004).

Wheeler has paid the filing fee and thus is not proceeding IFP. (ECF No. 1-1, PageID.53). But the reasons for USMS to effect service—security risks to defendants and information gathering—still apply to Wheeler who is a prisoner. *See id.* And even if a prisoner has paid the full filing fee, courts can still order USMS to effect service. *Ramilla v. Jennings*, No. 4:21-CV-1799, 2022 WL 1203061, at *4 (N.D. Ohio Apr. 22, 2022); Federal Judicial Center, Resource Guide for Managing Prisoner Civil Rights Litigation § III.B.5 at 25 (1996) ("Even if the prisoner pays the full filing fee, it appears that under new section 1915(d) the court can still grant the prisoner leave to proceed IFP, thereby permitting service of process by the U.S. marshal without the prisoner having to pay and arrange for service.").

Thus, the Court **CONSTRUES** Wheeler's letter (ECF No. 7) as a Motion for Service by USMS, **GRANTS** the motion, and **ORDERS** USMS to serve the appropriate papers in this case on Defendants without prepayment of the costs for such service. USMS may collect the usual and customary costs from Plaintiff after effecting service.

**IT IS ORDERED.**

Date: September 18, 2024                     S/PATRICIA T MORRIS
                                             Patricia T. Morris
                                             United States Magistrate Judge