UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL W. WHEELER,

       Plaintiff,

v.

                                        Case No. 24-cv-11784
                                        Honorable Linda V. Parker
                                        Mag. Judge Patricia T. Morris

JOSEPH and WELLPATH HEALTH,

       Defendants.
_____/

**<u>OPINION AND ORDER (1) REJECTING OBJECTIONS TO
MAGISTRATE JUDGE'S JANUARY 13, 2026, REPORT AND
RECOMMENDATION AND (2) ADOPTING THE REPORT AND
RECOMMENDATION (ECF NO. 32)</u>**

Plaintiff Daniel W. Wheeler ("Plaintiff"), an individual incarcerated in the

Michigan Department of Corrections ("MDOC"), initiated this pro se lawsuit

against Defendants on June 10, 2024. (ECF No. 1.)  Plaintiff alleges that he

suffered a fungal skin infection in 2022, and that Defendants failed to provide the

medical care requested by Plaintiff.[1]  As such, Plaintiff alleges that Defendants

subjected him to deliberate indifference under the Eighth Amendment, as well as

retaliation for complaining about the alleged mistreatment in violation of the First

_____

[1] Plaintiff requested to see an infection specialist and to receive medication for the skin infection. (ECF No. 1 at PageID.2.)

Amendment.  (ECF No. 1 at PageID.1-4.)  On August 22, 2025, Defendant Joseph filed a motion to dismiss under Rule 12(b)(6). (ECF No. 23.) On August 25, 2025, Defendant Wellpath, LLC, filed a motion to dismiss based on a bankruptcy discharge and confirmation order. (ECF No 25 at PageID.163.) The matter has been referred to Magistrate Judge Patricia T. Morris for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.)

On January 13, 2026, Magistrate Judge Morris issued a Report and Recommendation ("R&R") in which she recommends that this Court grant both motions to dismiss, and also dismiss Plaintiff's remaining First Amendment claim *sua sponte* pursuant to the screening provision in 28 U.S.C. § 1915A(a). (ECF No. 32 at PageID.260.) At the conclusion of the R&R, Magistrate Judge Morris informs the parties that they must file any objections to the R&R within fourteen days.  Plaintiff filed objections on January 27, 2026. (ECF No. 33.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  A general objection, or one that does nothing more than disagree with a magistrate judge's determination or summarize what has been

presented before, is not considered a valid objection.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991).  The Court "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Here, it appears to the Court that Plaintiff has not presented any valid objections for review.[2] His filing primarily challenges Judge Morris's use of the word "rash" to describe his fungal infection. (ECF No. 33 at PageID.277.) The Court acknowledges Plaintiff's view that his condition is more accurately described as a skin infection rather than a rash. This distinction, however, does not undermine Judge Morris's conclusion that skin conditions are generally not considered an "objectively serious medical need" under the Eighth Amendment, and thus does not support relief on this claim. *See Prather v. Corr. Care Sols.*, No. 3:16-CV-P60-JHM, 2016 WL 2903288 at *4 (W.D. Ky. May 18, 2016)(collecting

---

[2] Plaintiff raised no objection to Judge Morris's recommendation to grant Defendant Wellpath's motion to dismiss or to dismiss his First Amendment claim. After careful review, the Court agrees with Judge Morris's conclusions and adopts her recommendation on these issues.

cases). For these reasons, the Court adopts Magistrate Judge Morris's

recommendations.

Accordingly,

**IT IS ORDERED** that Defendant Joseph's motion to dismiss (ECF No. 23)

and Defendant Wellpath, LLC's motion to dismiss (ECF No. 25) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's remaining First Amendment

claim is *sua sponte* dismissed by the Court.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 9, 2026


I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 9, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
